IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRIAN HANSEN,

                      Petitioner,

        v.

                                                       CASE NO.  14-3193-RDR

CLAUDE MAYE, Warden,
United States Penitentiary,
Leavenworth, Kansas, et al.,

                      Respondents.

**MEMORANDUM AND ORDER**

    This pro se petition for writ of habeas corpus was filed pursuant to 28 U.S.C. § 2241 by an inmate of the United States Penitentiary, Leavenworth, Kansas (USPL).  Mr. Hansen seeks an order requiring reconsideration of the decision of prison officials to place him in a Residential Reentry Center (RRC) for 6 instead of 9 or 12 months.  Having examined the petition and attachments together with the relevant legal authority, the court finds that this action is subject to dismissal because it is deficient in several ways.  Petitioner is given time to cure the deficiencies and warned that this action will be dismissed if he fails to comply.

**BACKGROUND FACTS**

    As the background for his petition, Mr. Hansen alleges the following.  In 2004, he was convicted in the United States District Court for the Southern District of California of federal offenses

1

including importation of marijuana and bank robbery and sentenced to "a total aggregated term of 157 months" in prison. He is serving this federal sentence and currently has a projected release date with good time credit of September 9, 2015.

On January 9, 2014, Mr. Hansen "initiated this process" when he made a written request to Mr. Johnson, his Unit Team Manager, that he be considered for RRC placement for a period of 12 months. This was 18 months prior to his projected release date. USPL officials "refused his request." In July 2014 during his "program review" Hansen "again requested consideration for RRC placement."[1] His case manager Mr. Toot informed him that he "would not submit the request until September" and that Hansen "was second on the list to be put in for 'halfway house.'" On September 18, 2014, Toot "finally submitted Hansen for consideration of RRC placement." This date was "approximately less than 12 months before his release date." He was submitted for "6 months RRC placement" only. Hansen "address(ed) these issues with his unit team, counselor, and Unit Manager Mr. Johnson" but "was rejected."

---

[1] Generally, the BOP considers a federal inmate for RRC placement during the inmate's program review that falls within the requisite time frame. Petitioner does not provide any information as to the consideration of his RRC placement at or a written decision generated from a program review. He provides no information as to any written decision made in response to either his January 2014 or July 2014 request. Another court found that "[i]n other § 2241 actions that address RRC placements (citations omitted), a form is completed at the time an RRC review is conducted by the unit manager and the inmate is notified of the determination by the unit manager." *Atkins v. Garcia*, 816 F.Supp.2d 1108, 1116 (D.Colo 2010). That court further found that the "'Review for Residential Reentry Center * * * Second Chance Act of 2007 * * *' form addresses all the factors identified under § 3621(b)." *Id.* That court also had an exhibit before it of the "Institutional Referral RRC Placement form." *Id.*

2

**CLAIMS**

Petitioner claims that "pursuant to the Second Chance Act of 2007 (SCA) codified at 18 U.S.C. § 3624," prisoners are supposed "to be automatically reviewed for RRC placement 17-19 months before their projected release date."  He then alleges that Bureau of Prisons (BOP) staff at the USPL "refused to comply with" the "directives" in the SCA "to 'automatically' initiate this process" 17 to 19 months in advance of his projected release date.  He also claims that BOP staff at the USPL "failed to consider the five factors enumerated in § 3621(b)."  In addition, he claims that the SCA "amended the statute to provide for the current eligibility time frame of twelve months" and takes issue with the decision to allow his RRC placement for only 6 months rather than the 9 to 12 months he requested and claims to need.

Petitioner seeks a court order directing BOP officials at the USPL to "conduct the individualized review of his application for transfer to a Residential Re-Entry Center (RRC) required by law," to consider the five factors enumerated in 18 U.S.C. § 3621(b), and to "re-submit his request of 9-12 months" RRC placement.

**PETITION NOT ON FORMS**

Local court rule requires that habeas corpus applications be submitted upon court-approved forms.  Petitioner has not utilized these forms.  Instead, he has filed a memorandum that contains many

3

unnecessary legal arguments and citations and not enough of the necessary facts describing the administrative process that took place in his particular case.  Mr. Hansen is required to submit his application upon the proper forms.  If he fails to comply within the prescribed time, this action may be dismissed without further notice.

**FILING FEE NOT SATISFIED**

The statutory fee for filing a federal habeas corpus petition is $5.00.  Mr. Hansen has neither paid the fee nor submitted a motion to proceed in forma pauperis (IFP).  This action may not proceed until the filing fee prerequisite is satisfied in one of these two ways.  A prisoner seeking to proceed IFP must submit a proper motion upon court-approved forms containing an affidavit that includes a statement of the prisoner's assets.  28 U.S.C. § 1915(a)(1).  In addition, the prisoner must submit a certified accounting of the funds available to him in his institutional account.  D.Kan.Rule 9.1(g);[2] see also Rule 3(a)(2) of the Rules Governing Section 2254 Cases in the United States District Courts (hereinafter "2254 Rules") (habeas petition must be accompanied by "a motion for leave to proceed in forma pauperis, the affidavit required by 28 U.S.C. § 1915, and

---

[2] D.Kan.Rule 9.1(g)(2)(A) provides:

> Where a petitioner, movant, or plaintiff is an inmate of a penal institution and desires to proceed without prepayment of fees, he or she must also submit a certificate executed by an authorized officer of the institution in which he or she is confined. The certificate must state the amount of money or securities on deposit to his or her credit in any account in the institution.

a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution"). The clerk shall send the proper forms to Mr. Hansen. If he does not satisfy the filing fee within the prescribed time, this action may be dismissed without further notice.

**FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**

This action is subject to dismissal because petitioner has not exhausted the available BOP administrative remedies. Even though § 2241 itself does not contain an express exhaustion requirement, the Tenth Circuit Court of Appeals and this court have repeatedly held that exhaustion of administrative remedies is a prerequisite for § 2241 habeas relief. *Garza v. Davis*, 596 F.3d 1198 (10th Cir. 2010); *Samples v. Wiley*, 349 Fed.Appx. 267, 269 (10th Cir. 2009); see also *Ciocchetti v. Wiley*, 358 Fed.Appx. 20, 23-24 (10th Cir. 2009); *Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986); *Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986); *McClung v. Shearin*, 90 Fed.Appx. 444, 445 (4th Cir. 2004)(citing *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 634 (2nd Cir. 2001); *Little v. Hopkins*, 638 F.2d 953, 953-54 (6th Cir. 1981)). Petitioner's contrary arguments based on citations that are not controlling in this Circuit do not convince the court otherwise. Administrative exhaustion is generally required for three valid reasons, not just one: (1) to allow

5

the agency to develop a factual record and apply its expertise, which facilitates judicial review; (2) to permit the agency to grant the relief requested, which conserves judicial resources; and (3) to provide the agency the opportunity to correct its own errors, which "fosters administrative autonomy." *See Moscato v. Federal BOP*, 98 F.3d 757, 761-62 (3rd Cir. 1996); *Marine Mammal Conservancy, Inc., v. Dep't of Agric*, 134 F.3d 409, 414 (D.C.Cir. 1998). In order to have fully exhausted, the petitioner must have raised claims on administrative appeal[3] that are identical to those he now presents in this federal habeas corpus petition.

There are "limited exceptions" to the exhaustion prerequisite, including "a narrow futility exception," which the Tenth Circuit has "recognized in the context of petitions brought under 28 U.S.C. § 2254;" and "other circuits have recognized in the context of petitions brought under § 2241." *See Ciocchetti*, 358 Fed.Appx. at 24 (citing *see Fairchild v. Workman*, 579 F.3d 1134, 1155 (10th Cir. 2009); *see e.g., Fazzini v. Northeast Ohio Corr. Ctr.*, 473 F.3d 229, 236 (6th Cir. 2006)). However, such exceptions "apply only in

---

[3] The BOP provides a multi-level Administrative Remedy Program for inmates to obtain "formal review of an issue which relates to any aspect of their confinement." 28 C.F.R. § 542.10(a). First, an inmate must attempt informally to resolve the issue with institutional staff. 28 C.F.R. § 542.13(a). If the concern is not informally resolved, an inmate may submit a formal Administrative Remedy Request to the appropriate staff member for consideration by the Warden (BP-9). 28 C.F.R. § 542.14(c)(4). Next, an inmate may appeal an adverse decision to the Regional Director (BP-10). 28 C.F.R. § 542.15(a). Finally, the inmate may appeal to the BOP's General Counsel (BP-11). *Id.* "Appeal to the General Counsel is the final administrative appeal." *Id.* If responses are not received by the inmate within the time allotted for reply, "the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18.

6

'extraordinary circumstances,' and [petitioner] bears the burden of demonstrating the futility of administrative review." *See Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994)(citations omitted).

Mr. Hansen admits that he has not fully exhausted administrative remedies. He generally argues that exhaustion in habeas corpus cases is not a statutory or jurisdictional prerequisite and may be waived by the court. He contends that exhaustion should be waived in this particular case because his pursuit of administrative remedies "would be futile and irreparable injury would result." In support of these arguments, he alleges that BOP officials at the USPL "believe they are complying with national policy"; he seeks 9 to 12 months of RRC placement when he only has 12 months left before his projected release date; the BOP "administrative remedy process takes 6 months to complete" and he "is expected to be released before completion of the administrative process."

Petitioner's statement that the BOP officials at the USPL believe they are following national policy does not prove futility. Relevant BOP memoranda "clearly indicate" that "the BOP recognizes its authority to place inmates in RRCs . . . for periods of time exceeding six months" and plainly "instruct BOP staff to individually consider each request for a transfer based on the factors set forth in § 3621(b)." *Ciocchetti*, 358 Fed.Appx. at 24; see 28 C.F.R. §

7

570.21(a), § 570.22.[4]  The BOP memoranda "do not reflect any policy

---

[4]  In *Ciocchetti*, the Tenth Circuit explained the statutory provisions that are at issue in cases like this one:

> Pursuant to 18 U.S.C. § 3621(b), the BOP has the authority to designate where a federal inmate will be imprisoned and to "direct the transfer of a prisoner from one penal or correctional facility to another." 18 U.S.C. § 3621(b). RRCs . . . are among the penal or correctional facilities which the BOP may designate for inmate placement.
> In making any designation and/or transfer decisions pursuant to § 3621(b), the BOP is instructed to consider the following five factors:
>
> (1) the resources of the facility contemplated;
>
> (2) the nature and circumstances of the offense;
>
> (3) the history and characteristics of the prisoner;
>
> (4) any statement by the court that imposed the sentence-
>
>> (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>>
>> (B) recommending a type of penal or correctional facility as appropriate; and
>
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

*Id.*

> Also at issue in this case is the effect of 18 U.S.C. § 3624(c). This statute governs "pre-release custody," and directs the BOP to transfer inmates to RRCs . . . as they approach the end of their sentences in an effort to better prepare the inmates for re-entry into the community. Prior to 2008, § 3624(c) limited the time frame during which an inmate was eligible for pre-release custody in a RRC . . . to the final six months or ten percent of his or her sentence, whichever was less. 18 U.S.C. § 3624(c) (West 2000), amended by Second Chance Act of 2007, Pub.L. No. 110-199, § 251, 122 Stat. 657, 692 (2008). This eligibility period has, however, been expanded and now § 3624(c) provides in relevant part:
>
>> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

of categorical denial." *Garza v. Davis*, 596 F.3d 1198, 1204 (10th Cir. 2010).  Petitioner has not alleged any facts to suggest that appropriate BOP policies were not followed in determining his RRC placement term, or that the BOP would not have followed the statutes and proper policies in deciding any administrative appeal.

Exhaustion of administrative remedies is not rendered futile simply because a federal prisoner anticipates that he will be released to an RRC before he will have completed an administrative appeal from the decision as to his RRC placement.  *See Samples v. Wiley*, 349 Fed.Appx. 267, 269 (10th Cir. 2009)(Futility argument not supported by contention that administrative process is too slow and

---

18 U.S.C. § 3624(c).

> The BOP has . . . issued two memoranda providing guidance to its staff regarding the proper implementation of these statutes and their corresponding regulations.  The first memorandum, issued on April 14, 2008, addresses the issue of pre-release inmates.  In relevant part, this memorandum: (1) recognizes that the Second Chance Act of 2007 has increased the maximum available RRC or CCC placement time for pre-release inmates to 12 months; (2) directs BOP staff to review each pre-release inmate's eligibility for RRC or CCC placement on an individual basis seventeen to nineteen months before their projected release dates; (3) instructs BOP staff that in conducting these individual reviews they are to consider the five-factor criteria set forth in § 3621(b); and (4) mentions that "Bureau experience reflects inmates' pre-release RRC needs can usually be accommodated by a placement of six months or less". . . .
>
> The second BOP memorandum, issued November 14, 2008, addresses non-pre-release inmates.  As relevant here, this memorandum states that upon the receipt of an inmate's request to be transferred to an RRC or CCC before his prerelease 12-month period, BOP staff must make an individualized determination of the inmate's eligibility for such a transfer based on the five factors set forth in § 3621(b).  It also states that "[a]n RRC placement beyond six months should only occur when there are unusual or extraordinary circumstances justifying such placement . . . ."  ROA, Vol. I., p. 35.

*Id.* at 22-23.

9

it was unlikely the BOP procedure would be completed by the date on which petitioner would have needed to be transferred to an RRC in order to receive a twelve-month RRC placement). The Supreme Court has required even those inmates who may be entitled to immediate release to exhaust their administrative remedies. *Preiser v. Rodriguez*, 411 U.S. 475, 494-95 (1973). Given the time limits for responses in the BOP regulations, petitioner's statement that the review process may take six months appears to be pure speculation and is not supported by any facts. Had Mr. Hansen continued to pursue his administrative remedies at the appropriate time, he might have either "achieved a result in his favor or otherwise obtained a final determination concerning his RRC-placement request." *See Samples*, 349 Fed.Appx. at 269. Petitioner's "decision to put off engaging the BOP administrative process, and any delay or alleged futility that decision" may have "created, does not excuse his failure to exhaust." *Id.* at 270.

Petitioner does not explain why federal court is a better place to seek the reconsideration and longer RRC placement he desires than the agency review process. The administrative remedy process is a "particularly well-suited vehicle" by which he could have requested more expeditious consideration of his requests or reconsideration of his RRC placement for 6 months. By contrast, this court proceeding "is particularly ill-suited to make such a determination, given that the Court lacks the expertise possessed by the BOP in

10

evaluating the § 3621(b) factors." *See Waldroop v. Scibana*, 2008 WL 1944801, *3 (W.D. Okla. 2008). The only things suggested by the sparse record presented by petitioner in this case are that USPL officials considered him for RRC placement and granted RRC placement for 6 months rather than the 9 to 12 months he sought. To the extent that petitioner believed USPL officials unreasonably delayed consideration of his initial request, or improperly exercised their discretion without considering all the requisite factors, he was free to invoke the administrative remedies available to him to obtain review of those claims, and that process would have generated a record susceptible to review. *Id.*

**FAILURE TO STATE CLAIM FOR RELIEF UNDER § 2241**

In addition, the court finds that Mr. Hansen has failed to state facts to support a claim for relief under 28 U.S.C. § 2241. 28 U.S.C. § 2241(c)(3) pertinently provides: "The writ of habeas corpus shall not extend to a prisoner unless . . . he is in custody in violation of the Constitution or laws or treaties of the United States." "Habeas corpus petitions must meet heightened pleading requirements," and "federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994); Rule 2(c), 2254 Rules. Under Rule 2(c), "a petitioner must state specific, particularized facts which entitle him or her to habeas corpus relief

11

for each ground specified." *Adams v. Armontrout*, 807 F.2d 332, 334 (8th Cir. 1990). "These facts must consist of sufficient detail to enable the court to determine, from the face of the petition alone, whether the petition merits further habeas corpus review." *Id.*

Petitioner's claim that the BOP did not consider his application for placement on an individualized basis using the five factors in 18 U.S.C. § 3621(b) is completely conclusory. He does not summarize the substance or provide an exhibit of any agency decision made in his case, including that in response to his initial written request, that which resulted from any progress review at which his RRC placement was considered, or that which granted and notified him of his 6-month placement. Thus, Mr. Hansen fails to allege any facts whatsoever to support his claim that his Second Chance Act Consideration submitted on September 18, 2014, was decided without consideration of the requisite statutory factors or otherwise violated federal statutory or constitutional law.

The only exhibit provided by petitioner relating to his RRC placement is his written request, which included his laudable history of class and program participation during his confinement. His hard work and pursuit of education and training through such programs will hopefully assist Mr. Hansen in his reentry efforts. He also wrote that he has been confined for many years, needs time to locate

employment and obtain a driver's license,[5] needs a job to pay living expenses, has to start from scratch to obtain clothes and tools, has no family, and is unfamiliar with the area in which he will be released.  However, these circumstances are not shown to be unusual for one being released from a federal prison, and no facts are presented demonstrating that Mr. Hansen's personal situation presents a "peculiar urgency."  In any event, the "history and characteristics of the prisoner" is but one of five factors to be considered under § 3621(b).

Petitioner's bare claim that the SCA "amended the statute to provide for the current eligibility time frame of twelve months" presented with his allegation that BOP officials at the USPL "rejected (his) request for consideration of 9-12 months RRC placement" evinces no federal constitutional or statutory violation during the consideration of his case or in the decision itself.  The BOP is vested with broad authority to determine the length of a prisoner's placement in an RRC.  See 18 U.S.C. § 3624(c).  Under § 3621(b), the BOP has broad discretion to designate any appropriate and suitable place for the prisoner's confinement, after considering the statutory factors.  *Id.*  Nothing in the SCA indicates a Congressional intent to impose any limitations or restrictions upon the BOP's authority in making decisions with regard to RRC placement.

---

[5]     28 C.F.R. § 571.13(d) provides that BOP "Staff shall help an inmate obtain proper identification (social security card, driver's license . . .) prior to release."

Furthermore, the twelve-month mark in the Second Chance Act is an express statutory maximum and not a mandated minimum. *See* 18 U.S.C. § 3624(c)(1). Section 3624(c) "does not entitle prisoners to a twelve-month placement in an RRC." *Atkins*, 816 F.supp.2d at 1116. Thus, petitioner does not show that the six-month placement decision in his case was outside the statutory authority or accepted agency policy.

Petitioner's claim that the process to decide his RRC placement was not "automatically" initiated 17 to 19 months in advance of his projected release date" is somewhat called into question by his own allegations. Mr. Hansen alleges and shows that he first requested RRC placement on January 9, 2014. While he states that this was 18 months before his projected release date; January 9, 2014, was 20 months before that date. Thus, Mr. Hansen "initiated" his own RRC-placement process a month before the start of the two-month time period during which he claims it must have been automatically initiated by USPL officials. He does not provide any different date on which USPL officials later "initiated the process" and explain how that date violated the relevant statutes and regulations or resulted in any actual prejudice. The September 2014 date on which USPL officials actually forwarded their request for his six-month placement in an RRC can surely not be the date on which consideration of his correct placement was "initiated."

Even if petitioner presented sufficient facts to show that USPL

officials failed to consider him for RRC placement in a timely manner and failed to consider the statutory factors, these are precisely the types of actions that must be presented in the first instance to the agency by way of the administrative review process.

For the reasons stated above, the court finds that this petition should be dismissed for failure to exhaust administrative remedies and failure to state sufficient facts to support a claim under § 2241. Petitioner is given twenty (20) in which to show good cause why this action should not be dismissed for failure to exhaust and for failure to state a claim under § 2241.

**IT IS THEREFORE BY THE COURT ORDERED** that petitioner is granted twenty (20) days in which to submit his petition upon court-approved forms and to satisfy the statutory filing fee by either paying the fee of $5.00 or submitting a properly completed and supported motion for leave to proceed in forma pauperis on court-approved forms.

**IT IS FURTHER ORDERED** that within the same twenty-day period petitioner is required to show good cause why this action should not be dismissed for failure to exhaust administrative remedies and failure to state a claim entitling him to relief.

The clerk is directed to send petitioner IFP and § 2241 forms and to send a copy of this Memorandum and Order to petitioner and to the Court of Appeals for the Tenth Circuit.

**IT IS SO ORDERED.**

**DATED:  This 26th day of February, 2015, at Topeka, Kansas.**

**s/RICHARD D. ROGERS**
**United States District Judge**

16